PÉREZ, PETICIONARIO, *v.* ROSSY, JUEZ DE DISTRITO, DEMANDADO.

SOLICITUD para que se expida mandamiento de *certiorari* al Juez de la Corte de Distrito de San Juan, Sección Segunda, en una causa sobre infracción del artículo 553 del Código Penal.

No. 143.—Resuelto en junio 23, 1915.

CIERRE DE ESTABLECIMIENTOS—APELACIONES DE LOS JUZGADOS DE PAZ—DEROGACIÓN TÁCITA DEL ARTÍCULO 556 DEL CÓDIGO PENAL.—La Ley de marzo 12, 1903, que trata de las apelaciones contra sentencias de los juzgados de paz, en su artículo 3 deroga todas las leyes en conflicto con ella, estando por tanto derogado el artículo 556 del Código Penal por ser incompatible con aquella ley en cuanto se refiere a apelaciones en casos de condena por dejar de cerrar establecimientos los domingos. Véase *Collazo* v. *Juez de Paz,* 15 D. P. R., 500.

ID.—APELACIONES DE LAS CORTES MUNICIPALES.—La anterior doctrina en cuanto a apelaciones contra sentencias dictadas por los juzgados de paz, debe entenderse aplicable a iguales recursos contra sentencias de las cortes municipales al conocer de las infracciones de los preceptos del Código Penal en su artículo 553 tal como fué enmendado por la Ley No. 24 de marzo 28, 1914, sobre cierre de establecimientos los domingos.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. M. Romany.*

El demandado no compareció.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Con fecha 20 de abril del corriente año 1915, fué presentada denuncia a la Corte Municipal de Río Piedras contra Tomás Pérez por infracción del artículo 553 del Código Penal, tal como fué enmendado por la Ley No. 24 de 28 de marzo de 1914, consistiendo dicha infracción en que el denunciado Pérez, maliciósa, voluntaria e ilegalmente, en día domingo, 18 de abril citado, tenía abierto su establecimiento de pulpería a las dos y quince minutos *post meridium,* en el barrio de Río, de Guaynabo, del distrito judicial de dicha corte municipal.

·Celebrado el juicio, la Corte Municipal de Río Piedras por sentencia de 28 de abril de 1915 declaró a Pérez culpable

del delito de que era acusado y lo condenó a $10 de multa y al pago de los gastos del juicio, o en su defecto a sufrir pena de cárcel en la municipal de Río Piedras a razón de un día por cada dollar de multa y costas que dejare de pagar.

Contra la anterior sentencia interpuso el acusado recurso de apelación para ante la 'Corte de Distrito del Distrito Judicial de San Juan, la que por resolución de 29 de mayo, a petición del Fiscal, ordenó que la causa fuera devuelta a la corte inferior para que proceda a hacer lo que en justicia corresponda, por carecer aquélla de jurisdicción.

Los hechos expuestos han sido alegados por Tomás Pérez en solicitud de auto de *certiorari* contra el Hon. Jesús María Rossy, Juez de la Corte de Distrito de San Juan, Sección 2ª., para que se anule la expresada resolución de 29 de mayo de 1915, y se ordene la celebración de un nuevo juicio de acuerdo con la ley, estando esos hechos además comprobados por el examen que hemos hecho de los autos que tenemos a la vista en virtud del mandamiento de *certiorari* expedido en 4 del corriente junio.

La única cuestión legal a discutir en el presente recurso de *certiorari* es si el Juez Hon. Jesús María Rossy, tiene jurisdicción para conocer del recurso de apelación contra la sentencia que dictó el Juez Municipal de Río Piedras, o si carece de dicha jurisdicción por no otorgar tal recurso el artículo 556 del Código.

. Tal cuestión no se levanta por primera vez ante esta corte y ya ha sido considerada al resolver el caso de *Collazo* v. *El Juez de Paz,* 15 D. P. R., 500. Entonces dijimos:

"La cuestión que se nos presenta para su discusión es sobre si el artículo 556 del Código Penal fué enmendado por la ley de 12 de marzo de 1903, leyes de 1903, página 43. El Fiscal alega que el artículo 556 contiene todo lo relativo a apelaciones con respecto al cierre de establecimientos los domingos y que es una cuestión de ley substantiva; pero evidentemente también incluye una cuestión de procedimiento tal como la de una apelación cuando la multa excede de diez dollars. La cuestión relativa a apelaciones está contenida

en la ley de 12 de marzo de 1903. En dicha ley el artículo 48 del Código de Enjuiciamiento Criminal fué enmendado y la misma cuestión fué tratada en el artículo 29, según está enmendado por dicha ley. El texto de dicho artículo tiene un sentido general y concede el derecho de apelación contra toda sentencia de los jueces de paz. El artículo 3 de la misma ley de 12 de marzo de 1903, página 46, deroga todas las leyes o partes de leyes incompatibles con dicha ley, y no vemos motivos para exceptuar de sus efectos la ley especial respecto al cierre los domingos. El artículo 556 del Código Penal es hoy incompatible con la ley posterior creando un sistema algo diferente de apelaciones contra sentencias de los jueces de paz.''

Lo que dejamos dicho acerca de apelaciones contra sentencias dictadas por los jueces de paz, debe entenderse de iguales recursos contra sentencias de las cortes municipales al conocer de las infracciones de los preceptos del Código Penal sobre cierre de establecimientos los domingos.

La pena señalada a la infracción del artículo 553 del Código Penal tal como estaba primitivamente redactado, era la de multa no menor de $5 ni superior a $10 por la primera falta, y por cada falta subsiguiente, la de multa no menor de $10 ni mayor de $25, con recurso de alzada para el correspondiente tribunal de distrito en todos los casos en que la multa impuesta, incluyendo las costas, excediera de $10. Esas penas fueron modificadas primeramente por la Ley No. 131 de 9 de agosto de 1913, que al enmendar por su sección 1ª. el artículo 553 del Código Penal dispuso que toda infracción de ese artículo constituiría delito y se castigaría con multa que no excediera de $50. La ley actualmente en vigor, o sea, la No. 24 aprobada en 28 de marzo de 1914 para enmendar el artículo 553 y restablecer el 554 del Código Penal, modificó también la anterior penalidad en el sentido de que toda infracción a dicha ley sería castigada con una multa no mayor de $100 ni menor de $10, o cárcel por un término máximo de treinta días.

Las leyes a que acabamos de hacer referencia no establecen limitación alguna al recurso de apelación contra senten-

cias que dicten las cortes municipales en casos sobre cierre de establecimientos.

La sentencia que en 28 de abril de 1915 dictó la Corte Municipal de Río Piedras es apelable para ante la Corte de Distrito de San Juan, y el juez de là sección 2ª. de esa corte incurrió en error al estimar que carecía de jurisdicción para conocer del recurso que contra aquélla interpuso el acusado Tomás Pérez.

Procede anular la resolución dictada por el Juez de la Corte de Distrito de San Juan, Sección 2ª., en 29 de mayo de 1915, devolviéndosele los autos para que proceda de acuerdo con los principios que dejamos establecidos.

> *Declarada con lugar la solicitud de* certiorari
> *y anulada la resolución de 29 de mayo de*
> *1915.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.